Rhonda K. Wood, Justice, concurring in part and dissenting in part. I join the majority’s analysis and conclusion to affirm the circuit court on the issue of standing raised in the cross-appeal. I dissent from the majority’s conclusion that the matter is not moot as to the State of Arkansas and join Justice Womack’s dissent and analysis of-the mootness issue. I therefore would reverse the circuit court on the State’s cross-appeal. I would affirm as to Central Arkansas Planning and Development District’s cross-appeal on mootness because the record reflects CAPDD had funds at the time the action was commenced. 112Direct Appeal Because I agree with Justice Womack that the case against the State should be dismissed for mootness, I would only analyze the remaining issues as to CAPDD in the direct appeal. I also would hold that the acts were not local or special legislation for the reasons Justice Womack states in his opinion. As to the constitutional challenge to the acts under Article 5, section 29, I agree with the majoritys conclusion but not its analysis. We should overturn Wilson II to the extent it added language to our Constitution by requiring the General Assembly to also “explain ‘how’ the funds will be used.” Wilson v. Weiss (Wilson II), 370 Ark. 205, at 213, 258 S.W.3d 351, 356 (2007). No such requirement exists in the plain text of Article 5, section 29. Additionally, I would provide further direction to the circuit court on remand. Upon remand, the circuit court should hold a hearing to determine whether any funds remain with CAPDD from the 2015 appropriation under the acts. If no funds remain, there is no further remedy available to the appellant. Repayment of spent funds is not an appropriate remedy. See White v. Ark Capital Corp./Diamond State Ventures, 365 Ark. 200, 226 S.W.3d 825 (2006). Womack, J., joins in part.